1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Tara Grant,

          Plaintiff,

   v.

Kilolo Kijakazi[1], Commissioner of Social
Security,

          Defendant.

Case No. 2:21-cv-00422-JAD-DJA

**Report and Recommendation**

Plaintiff Tara Grant is proceeding *pro se* and has moved to file an answer to Defendant's brief (ECF No. 29), a motion to reverse and/or remand based on new evidence (ECF No. 30); and a motion to extend time (ECF No. 33). The Commissioner has filed a countermotion to affirm (ECF No. 36). Plaintiff did not file a reply. The Court finds that Plaintiff has not adequately supported or explained her arguments and thus recommends denying Plaintiff's motions and granting the Commissioner's countermotion. The Court finds these matters properly resolved without a hearing. LR 78-1.

I.    **Background.**

    *A.    Procedural history.*

Plaintiff applied for Disability Insurance Benefits and Supplemental Security Income in April of 2018 alleging an onset of disability beginning February 12, 2018. (AR 11). The Commissioner denied her claims initially on October 3, 2018 and again upon reconsideration on April 5, 2019. (AR 11). The Administrative Law Judge ("ALJ") issued an opinion denying benefits on September 25, 2020. (AR 20). The Appeals Council denied Plaintiff's request to

---

[1] Kilolo Kijakazi is now the Commissioner of Social Security and substituted as a party.

1  review the ALJ's decision on January 29, 2021, making the ALJ's decision the final agency

2  decision.  (AR 1-5).

3  **B.    The ALJ decision.**

4  The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R.

5  §§ 404.1520, 416.920.  (AR 15-29).  At step one, the ALJ found that Plaintiff had not engaged in

6  substantial gainful activity since February 12, 2018.  (AR 13).  At step two, the ALJ found that

7  Plaintiff has the following severe impairments: degenerative disc disease of the cervical and

8  lumbar spine and right shoulder sprain.  (AR 14).  At step three, the ALJ found that the Plaintiff's

9  impairments did not meet or medically equal the severity of one of the listed impairments in 20

10  C.F.R Part 404, Subpart P, Appendix 1.  (AR 14).  In making this finding, the ALJ considered

11  Listings 1.02 and 1.04.  (AR 14).

12  At step four, the ALJ found that Plaintiff has a residual functional capacity to perform less

13  than the full range of light exertion as defined in 20 C.F.R. § 404.1567() and 416.967(b) subject

14  to limitations.  (AR 14).  Those limitations include:

15  
16  
17  
18  
19  
> She can lift and/or carry 20 pounds occasionally and 10 pounds
> frequently.  She can sit, stand and/or walk for about 6 hours each in
> an 8-hour workday, with normal breaks.  She can occasionally push
> and/or pull hand controls with her right upper extremity.  She cannot
> climb ladders, ropes and/or scaffolds.  She can occasionally climb
> ramps and/or stairs, balance, stoop, kneel, crouch and crawl.  She
> can occasionally reach overhead with her right upper extremity.

20  (AR 15).  At step five, the ALJ found Plaintiff incapable of performing any past relevant

21  work, but could perform occupations such as assembler, inspector, and marker.  (AR 18-20).

22  Accordingly, the ALJ found that Plaintiff had not been disabled from February 12, 2018 through

23  the date of the decision.  (AR 20).

24  **C.    Plaintiff's appeal.**

25  Plaintiff filed initiating documents seeking judicial review on March 12, 2021.  (ECF No.

26  1).  After the Court granted her application to proceed *in forma pauperis*, the Commissioner

27  answered the complaint.  (ECF No. 22).  Plaintiff then filed a document styled as an answer to

28  Defendant's answer.  (ECF No. 29).  In it, Plaintiff argues that she has tried to submit new

evidence, but her former attorneys—at the law firm of Mainor Wirth, LLP—have not responded to her subpoenas for her records containing this evidence. (*Id.* at 10-11). She argues that she has been racially discriminated against in obtaining her disability benefits because she has approached over seventeen state, federal, and county agencies and none would help her. (*Id.* at 13). Plaintiff attaches exhibits[2] including some of her medical records. (ECF No. 31-1 at 2-3, 24-26, 28-31, 35). However, her attachments primarily consist of her correspondence with various agencies and her former attorneys. (ECF No. 31-2 at 6). She also attaches her attorneys' response dated May 27, 2021, which explains:

> We are in receipt of the "Subpoena" you sent our office regarding medical records we have, related to your case file…We are happy to make a copy of those records into a CD and get them to you – you need only ask as they belong to you. The paperwork received by our office, however, has no Civil Action number or Stamp by the Clerk of the Court and was not properly served, therefore is not a legal document. Please contact our office by phone…or email…and let me know if you'd like to come and pick up a CD of your medical records and I will have it prepared for you.

(ECF No. 31-2 at 2).

Plaintiff then filed a motion to reverse or remand based on new evidence.[3] (ECF No. 30). She argues that her former attorneys and her physician Dr. Babuk Ghurman refuse to follow subpoenas she sent to them, which is why she has not produced any new evidence earlier. (*Id.* at 3). She adds that her father is preparing her documents because she is partially blind. (*Id.*). Plaintiff then moved to extend time to "answer or respond to the Reversal and/or Remand to Social Security" on August 30, 2021. (ECF No. 33).

The Commissioner filed a cross motion to affirm, arguing that the ALJ's decision was supported by substantial evidence and that Plaintiff's "new" evidence does not warrant remand. (ECF No. 36). The Commissioner argues that the only reason Plaintiff gives for not incorporating the new evidence into the record earlier was that her former attorneys and Dr. Ghuman would not

---

[2] Plaintiff attaches these exhibits to a duplicate of her answer that she filed as ECF No. 31.

[3] Plaintiff filed a duplicate of this motion as ECF No. 32.

respond to her subpoenas. (*Id.* at 10-11). But the Commissioner points out that the ALJ already

considered the subpoenas at the hearing and declined to act on them, stating,

> Prior to the hearing, you submitted a request that I subpoena various
> attorneys who previously represented you in the other actions and a
> medical provider whom you saw in connection with a motor vehicle
> accident you had in 2015. I have not granted that motion and I am
> not going to issue a subpoena and the reason is I believe the medical
> evidence which is paramount is more than adequate to explain the
> situation that I have to adjudicate. And it appears that your reason
> for asking these subpoenas has nothing to do with your current
> disability claim, but rather has to do with your prior claims for
> injuries related to that motor vehicle accident and your workers'
> compensation claim.

(*Id.* at 11). The Commissioner adds that Plaintiff's "new" medical records were already in

the record that the ALJ considered. (*Id.* at 11-12). Because Plaintiff has not carried her burden of

identifying error in the ALJ's decision or demonstrating that she is disabled, the Commissioner

asks the Court to affirm the ALJ's decision. (ECF No. 36 at 12-18).

**II.    Standard.**

The court reviews administrative decisions in social security disability benefits cases

under 42 U.S.C. § 405(g). *See Akopyan v. Barnhard*, 296 F.3d 852, 854 (9th Cir. 2002). Section

405(g) states, "[a]ny individual, after any final decision of the Commissioner of Social Security

made after a hearing to which he was a party, irrespective of the amount in controversy, may

obtain a review of such decision by a civil action…brought in the district court of the United

States for the judicial district in which the plaintiff resides." The court may enter, "upon the

pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the

decision of the Commissioner of Social Security, with or without remanding the case for a

rehearing." *Id.* The Ninth Circuit reviews a decision of a District Court affirming, modifying, or

reversing a decision of the Commissioner *de novo*. *Batson v. Commissioner*, 359 F.3d 1190,

1193 (9th Cir. 2003).

The Commissioner's findings of fact are conclusive if supported by substantial evidence.

*See* 42 U.S.C. § 405(g); *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). However, the

Commissioner's findings may be set aside if they are based on legal error or not supported by

1    substantial evidence. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir.

2    2006); *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The Ninth Circuit defines

3    substantial evidence as "more than a mere scintilla but less than a preponderance; it is such

4    relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

5    *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d

6    1211, 1214 n.1 (9th Cir. 2005). In determining whether the Commissioner's findings are

7    supported by substantial evidence, the court "must review the administrative record as a whole,

8    weighing both the evidence that supports and the evidence that detracts from the Commissioner's

9    conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *see also Smolen v. Chater*, 80

10   F.3d 1273, 1279 (9th Cir. 1996). Under the substantial evidence test, findings must be upheld if

11   supported by inferences reasonably drawn from the record. *Batson*, 359 F.3d at 1193. When the

12   evidence will support more than one rational interpretation, the court must defer to the

13   Commissioner's interpretation. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *Flaten*

14   *v. Sec'y of Health and Human Serv.*, 44 F.3d 1453, 1457 (9th Cir. 1995).

15   **III.    Disability evaluation process.**

16          The individual seeking disability benefits has the initial burden of proving disability.

17   *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir 1995). To meet this burden, the individual must

18   demonstrate the "inability to engage in any substantial gainful activity by reason of any medically

19   determinable physical or mental impairment which can be expected . . . to last for a continuous

20   period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual

21   must provide "specific medical evidence" in support of her claim for disability. 20 C.F.R.

22   § 404.1514. If the individual establishes an inability to perform her prior work, then the burden

23   shifts to the Commissioner to show that the individual can perform other substantial gainful work

24   that exists in the national economy. *Reddick*, 157 F.3d at 721.

25          The ALJ follows a five-step sequential evaluation process in determining whether an

26   individual is disabled. *See* 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If

27   at any step the ALJ determines that she can make a finding of disability or non-disability, a

28   determination will be made, and no further evaluation is required. *See* 20 C.F.R.

§ 404.1520(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003).  Step one requires the ALJ to determine whether the individual is engaged in substantial gainful activity ("SGA").  20 C.F.R. § 404.1520(b).  SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit.  *Id*. § 404.1572(a)-(b).  If the individual is engaged in SGA, then a finding of not disabled is made.  If the individual is not engaged in SGA, then the analysis proceeds to step two.

Step two addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits her from performing basic work activities.  *Id.* § 404.1520(c).  An impairment or combination of impairments is not severe when medical and other evidence establishes only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. *Id.* § 404.1521; *see also* Social Security Rulings ("SSRs") 85-28.   If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made.  If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to step three.

Step three requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526.  If the individual's impairment or combination of impairments meet or equal the criteria of a listing and the duration requirement (20 C.F.R. § 404.1509), then a finding of disabled is made.  20 C.F.R. § 404.1520(h).  If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to step four.

Before moving to step four, however, the ALJ must first determine the individual's RFC, which is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments.  *See* 20 C.F.R. § 404.1520(e); *see also* SSR 96-8p.  In making this finding, the ALJ must consider all the relevant evidence, such as all symptoms and the extent to which the symptoms can reasonably be

accepted as consistent with the objective medical evidence and other evidence.  20 C.F.R. §

404.1529; *see also* SSR 16-3p.  To the extent that statements about the intensity, persistence, or

functionally limiting effects of pain or other symptoms are not substantiated by objective medical

evidence, the ALJ must evaluate the individual's statements based on a consideration of the entire

case record.  The ALJ must also consider opinion evidence in accordance with the requirements

of 20 C.F.R. § 404.1527.

Step four requires the ALJ to determine whether the individual has the RFC to perform

her past relevant work ("PRW").  20 C.F.R. § 404.1520(f).  PRW means work performed either

as the individual actually performed it or as it is generally performed in the national economy

within the last fifteen years or fifteen years before the date that disability must be established.  In

addition, the work must have lasted long enough for the individual to learn the job and performed

at SGA.  20 C.F.R. §§ 404.1560(b) and 404.1565.  If the individual has the RFC to perform her

past work, then a finding of not disabled is made.  If the individual is unable to perform any PRW

or does not have any PRW, then the analysis proceeds to step five.

Step five requires the ALJ to determine whether the individual can do any other work

considering her RFC, age, education, and work experience.  20 C.F.R. § 404.1520(g).  If she can

do other work, then a finding of not disabled is made.  Although the individual generally

continues to have the burden of proving disability at this step, a limited burden of going forward

with the evidence shifts to the Commissioner.  The Commissioner is responsible for providing

evidence that demonstrates that other work exists in significant numbers in the national economy

that the individual can do.  *Yuckert*, 482 U.S. at 141-42

**IV.     Analysis and findings.**

The Court recommends denying Plaintiff's pending motions seeking reversal or remand

and granting the Commissioner's cross motion to affirm.  If a claimant's motion to reverse or

remand does not provide an adequate basis for the Court to assess the issue, the Court cannot

manufacture arguments for an appellant.  *Independent Towers of Washington v. Washington*, 350

F.3d 925, 959 (9th Cir. 2003).  Rather, the Court reviews issues argued specifically and distinctly.

*Id.* When a claim is not argued and explained sufficiently to provide the Court with any analysis to evaluate its legal challenges, the argument is waived. *Id.* at 929-30.

*Pro se* litigants are not held to the same standard as admitted or bar licensed attorneys. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). Pleadings by *pro se* litigants, regardless of deficiencies, should only be judged by function, not form. *Id.* Nonetheless, a *pro se* plaintiff is not entirely immune from the civil rules of procedure. Although the Court must construe the pleadings liberally, "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987); *see also Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure.'); *Jacobson v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986) ("pro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record."). Federal Rule of Civil Procedure 7(b)(1)(B) requires that all motions "state with particularity the grounds for seeking the order." *See Rhodes v. Robinson*, No. 08-16363, 2010 WL 3516342, at *2 (9th Cir. 2010) (finding that the district court correctly disregarded a motion "because it did not 'state with particularity the grounds for seeking the order' as required by the Federal Rule of Civil Procedure 7(b)(1)(B)"). In *Yager v. Berryhill*, this Court denied a *pro se* claimant's motion to reverse or remand, finding that the motion did not provide an adequate basis for the Court to assess the issues because the motion failed to articulate its arguments with specificity and support its arguments with citations. *Yager v. Berryhill*, No. 2:16-cv-00051-GMN-VCF, 2018 WL 1731908 (D. Nev. Apr. 10, 2018).

The Court recommends denying Plaintiff's motions seeking remand. Plaintiff does not provide an adequate basis for the Court to address the issues of whether the case should be remanded based on new evidence. The Court cannot manufacture these arguments for the Plaintiff.

While the Court liberally construes *pro se* pleadings, even liberally construing Plaintiff's filings as part of a motion to remand based on new evidence, Plaintiff's motion fails. As a preliminary matter, Plaintiff has not introduced new and material evidence as required by 42 U.S.C. § 405(g) and this Court's prior order. (ECF No. 28 at 2). Most of the documents Plaintiff

attaches to her filings are irrelevant correspondence between her and various agencies.  All but a few pages of the medical records she attaches are already in the record.  (*Compare* ECF No. 31-1 at 24-26, 28, and 29 *with* AR 446-47, 442, and 504, respectively).  The few documents which are not in the record[4] are not material.  One is a letter from Plaintiff's attorney in a separate action to Plaintiff's treating physician Dr. Babuk Guhman.  (ECF No. 31-1 at 2-3).  The letter asks for Dr. Guhman to either fill in blanks or check "yes" or "no" to questions related to Plaintiff's shoulder.  (*Id.*).  The letter attaches an MRI of Plaintiff's right shoulder dated January 3, 2017 for Dr. Guhman to review.  (*Id.*).  Dr. Guhman responded that his diagnosis was "[right] shoulder tendinosis, [illegible] joint orthosis, bursitis, mild [illegible] bone marrow edema [history] of rotator cuff tear supraspinatus; chronic posterior labral tear."  (*Id.*).  Dr. Guhman opined that the diagnosis was related to Plaintiff being hit with a backpack while at work in November of 2016.  (*Id.*).  He provided a recommended treatment plan of "orthopedic re-evaluation, injection therapy, physical therapy, PRP/stem cell consultation, surgical evaluation."  (*Id.*).

However, as the Commissioner points out, an MRI report dated January 3, 2017 contained in Plaintiff's records includes similar information as Dr. Guhman's letter.  (AR 442).  The records are largely consistent with Dr. Guhman's letter, providing that Plaintiff has "mild tendinosis…bone marrow edema…partial thickness tear of the anterior fibers of the supraspinous tendon…[and] posterior labral deficiency from the B-10 o'clock positions, likely related to a posterior labral tear."  (AR 442).  While the records include one slight inconsistency with Dr. Guhman's letter, stating that "there is no abnormal fluid in the subacromial/subdeltoid bursa," this inconsistency is not enough to constitute new, material evidence.  (AR 442).

Even if Plaintiff had introduced new and material evidence, her filings fail to demonstrate good cause for the failure to incorporate the evidence into the record at an earlier stage as required by 42 U.S.C. § 405(g) and this Court's prior order.  (ECF No. 28 at 2).  Plaintiff argues

---

[4] The Court notes that certain pages that Plaintiff attaches include information that is nearly identical to that contained in the record, although in a slightly different format.  (*Compare* ECF No. 31-1 at 31, 35 *with* AR 446, 651-52, respectively).  However, because the information contained in these records is functionally the same, the Court does not consider this to be new evidence.

throughout her filings that Dr. Guhman and her former attorneys have failed to respond to subpoenas, which is why she has been unable to submit new evidence. (ECF No. 31 at 10; ECF No. 32 at 2). But Plaintiff does not submit any evidence of a subpoena she sent to Dr. Guhman. And Plaintiff's argument that her former attorneys have refused to respond to her subpoena is contradicted by the law firm's letter in which it offers to create a CD for Plaintiff containing her records. (ECF No. 31-2 at 2).

Finally, Plaintiff's motion for an extension of time is indecipherable. (ECF No. 33). Plaintiff provides reasons why she needs an extension but seems to ask the Court to extend the time for her to respond to her own motion. (*Id.* at 1). To the extent Plaintiff seeks to extend her time to reply in support of that motion, the request is moot because Plaintiff filed her motion before the Commissioner had filed a response to the motion. Otherwise, it is unclear what deadline Plaintiff seeks to extend.

## **RECOMMENDATION**

**IT IS THEREFORE RECOMMENDED** that Plaintiff's motions seeking remand and related relief (ECF Nos. 29, 30, and 33) be **denied.**

**IT IS FURTHER RECOMMENDED** that the Commissioner's cross motion to affirm (ECF No. 36) be **granted**.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **NOTICE**

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days after service of this Notice.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985) *reh'g denied*, 474 U.S. 1111 (1986).  The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED: January 27, 2022

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE