UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TARA GRANT,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>KILOLO KIJAKAZI, Commissioner of Social Security,<br><br>　　　　　Defendant. | Case No. 2:21-cv-00422-CDS-DJA<br><br>**Order Adopting the Report and Recommendation of Magistrate Judge**<br><br>**(ECF No. 39)** |

　　　This case involves *pro se* plaintiff Tara Grant's request to review denial of her application for disability insurance benefits and supplemental security income by the Acting Social Security Commissioner. *See generally* Complaint, ECF No. 7. There are several pending motions before the Court. They include Plaintiff's filing titled "Answer to Defendant Complaint"[1] wherein Grant requested the Court transfer her case to the Nevada Supreme Court, filed on August 18, 2021. ECF No. 29 at 14. Plaintiff also filed a "Motion to Reverse and/or Remand to the Commissioner of Social Security". ECF No. 30. Plaintiff also filed a motion to extend time to answer or respond to her motion to reverse or remand. ECF No. 33. On October 18, 2021, Defendant filed a countermotion asking this Court to affirm the findings and decision of the Administrative Law Judge (ALJ), asserting that the decision is supported by substantial evidence and free of reversible errors. ECF No. 36. The aforementioned motions were referred to Magistrate Judge Daniel J. Albregts pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule IB 1-4.

---

[1] Plaintiff titled her filing "Answer to Defendant Complaint" on the filing and "Motion by Plaintiff to File an Answer to Defendant Brief and Response to the Commissioner of Social Security" on Case Management/Electronic Case Files. ECF No. 29. Regardless of the title used, ECF No. 29 is essentially a Reply to Defendant's Answer to the Complaint and I construe the motion as such.

On January 27, 2022, Magistrate Judge Albregts (ECF No. 39) issued a Report and Recommendation (R&R) that this Court deny Plaintiff's motions seeking remand and related relief (ECF Nos. 29, 30, 33), and further, that this Court grant Defendant's cross-motion to affirm (ECF No. 36). Objections to the R&R were due on or before February 10, 2022. *See* ECF No. 39 at 11 ("[A]ny objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days after service of this Notice.").

Grant filed timely objections to the R&R on February 3, 2022. ECF No. 40. The Acting Social Security Commissioner filed a response to those objections on February 17, 2022. ECF No. 41. Grant filed an untimely[2] reply to defendant's response on February 28, 2022. ECF No. 41. For the reasons set forth herein, the Court adopts the R&R in its entirety, overrules plaintiff's objections, denies her motions for remand and related relief, and grants defendant's countermotion to affirm the findings of the ALJ.

I.     Legal Standard

Where a party timely objects to a magistrate judge's report and recommendation, the Court is required "to make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). A magistrate judge's order can be reversed by the district court only if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also Haines v. Liggett Group, Inc.*, 975 F.2d 81, 91 (3d Cir. 1992) ("the phrase 'contrary to law' indicates plenary review as to matters of law").

Further, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also* Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice").

---

[2]     Local Rule 7-2(b) states that the deadline to file and serve any reply in support of the motion is seven days after service of the response. LR 7-2(b). While the reply was untimely, the Court nonetheless considered it in resolving the motions before the Court.

	b. Discussion

	Plaintiff filed timely objections to the R&R (ECF No. 40) and the Court has reviewed those objections. Moreover, the Court liberally construed Plaintiff's motions and objections to the R&R. Even in liberally construing Grant's motions and objections to the R&R, Judge Albregts' R&R was neither clearly erroneous nor contrary to the law.

	The only statement that can be construed as an objection to Judge Albregts' Report and Recommendation is Plaintiff's allegation that "she has been racially profiled and racially discriminated against." ECF No. 40 at 5. Allegations of racism are serious and are considered accordingly by this Court. But upon my *de novo* review of the record, no evidence supports Plaintiff's conclusory allegations that she has been racially profiled and subjected to discrimination. Likewise, there is no evidence that race or discrimination played a role in the Administrative Law Judge's initial determination, in the ALJ's review, in Grant's appeal, or in Magistrate Judge Albregts' review of Grant's case. There is also no evidence supporting Plaintiff's claim that racial discrimination caused the denial of social security benefits. Instead, the record demonstrates that Judge Albregts correctly determined that in Plaintiff's motions seeking remand did not provide an adequate basis for the Court to address the issues warranting remand. *See* R&R, ECF No. 39 at 8. I also agree with the finding that Plaintiff failed to introduce new and material evidence. *Id.*

	Plaintiff's objections to the R&R suffer the same fatal mistake as Plaintiff's initial motion; they fail to demonstrate by way of medical evidence that she is disabled. The objections also fail to demonstrate that Judge Albregt's R&R was clearly erroneous or contrary to the law. The Court recognizes that Plaintiff disagrees with the Commissioner of Social Security's determination that Plaintiff is not disabled, but disagreement alone is insufficient to grant the relief sought by Plaintiff.

Accordingly, the Court concludes that the record supports the findings set forth in the R&R. The R&R is adopted in its entirety. Plaintiff's motion for remand (ECF No. 30) and related relief (ECF Nos. 29, 33) are hereby denied. Defendant's countermotion to affirm (ECF No. 36) is hereby granted.

II.   Conclusion

IT IS THEREFORE ORDERED that United States Magistrate Judge Albregts' Report and Recommendation (ECF No. 39) shall be ADOPTED and ACCEPTED in its entirety.

IT IS FURTHER ORDERED that Plaintiff's Objections to the Report and Recommendation (ECF No. 40) are OVERRULED.

IT IS FURTHER ORDERED that Defendant's Cross-Motion to Affirm the Agency Decision (ECF No. 36) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motions to File an Answer (ECF No. 29), to Reverse and Remand Based on New Evidence (ECF No. 30), and to Extend Time (ECF No. 33) are DENIED as moot.

IT IS FURTHER ORDERED that the Clerk of the Court shall enter judgment accordingly and close the case.

IT IS SO ORDERED.

DATED this June 29, 2022

_____
Cristina D. Silva
United States District Judge